# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Election in Region 4 for : 
Downingtown School Board Precinct : 
Uwchlan 1 Petition of Katherine R. : 
Carpenter, Andrea G. Cauble, and : 
Jessica M. Neff for a Recount of the : 
Election of Uwchlan 1 Pursuant to the : 
Election Code 25 P.S. 3261, 25 P.S. : 
3031.18(1) and 25 P.S. 3263 : 
 : 
Appeal of: Katherine R. Carpenter, : 
Andrea G. Cauble, and Jessica M. Neff :     No. 1381 C.D. 2021

In Re: Election in Region 4 for : 
Downingtown School Board Precinct : 
Uwchlan 3 Petition of Carrie D. Gross, : 
Sanda Oyola, and Marsha : 
Brofka-Berends for a Recount of the : 
Election of Uwchlan 3 Pursuant to the : 
Election Code 25 P.S. 3261, 25 P.S. : 
3031.18(1) and 25 P.S. 3263 :     No. 1382 C.D. 2021
 : 
Appeal of: Carrie D. Gross, Sandra : 
Oyola, and Marsha Brofka-Berends : 

In Re: Election in Region 4 for : 
Downingtown School Board Precinct : 
Uwchlan 4 Petition of Marisa Norma : 
Pereyra, Katherine J. Farnum, and : 
Michael A. Farnum for a Recount of the : 
Election of Uwchlan 4 Pursuant to the : 
Election Code 25 P.S. 3261, : 
25 P.S. 3031.18(1) and 25 P.S. 3263 : 
 : 
Appeal of: Marisa Norma Pereyra, : 
Katherine J. Farnum : 
and Michael A. Farnum :     No. 1383 C.D. 2021

In Re: Election in Region 4 for : Downingtown School Board Precinct : Uwchlan 5 Petition of Margaret L. : Quinn, Barbara L. Phillips, and Hugh N. : O'Donnell for a Recount of the Election : of Uwchlan 5 Pursuant to the Election : Code 25 P.S. 3261, 25 P.S. 3031.18(1) : and 25 P.S. 3263 :
:
Appeal of: Margaret L. Quinn, :
Barbara L. Phillips, and :
Hugh N. O'Donnell : No. 1384 C.D. 2021

In Re: Election in Region 4 for : Downingtown School Board Precinct : Uwchlan 9 Petition of Susan R. Morgan, : Brandyn C. Muller Campbell and : Diane W. O'Dwyer for a Recount of the : Election of Uwchlan 9 Pursuant to the : Election Code 25 P.S. 3261, 25 P.S. : 3031.18(1) and 25 P.S. 3263 :
:
Appeal of: Brandyn C. Muller Campbell :
and Diane W. O'Dwyer : No. 1385 C.D. 2021

In Re: Election in Region 4 for : Downingtown School Board Precinct : Uwchlan 1, Petitions of Katherine R. : Carpenter, Andrea G. Cauble, and : Jessica M. Neff for a recount Pursuant : to the Election Code 25 P.S. §§ 3161, : 3031.18(1), and 3263 :
:
Appeal of: Board of Elections of the :
County of Chester : No. 1395 C.D. 2021

In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 3 Petition of Carrie D. Gross, Sandra Oyola, and Marsha Brofka-Berends for Recount of the Election of Uwchlan 3 Pursuant to the Election Code 25 P.S. §§ 3161, 3031.18(1), and 3263

Appeal of: Board of Elections of the County of Chester

:
:
:
:
:
:
:
:
:
:
:
:

No. 1396 C.D. 2021

In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 4 Petition of Marisa Norma Pereyra, Katherine J. Farnum and Michael A. Farnum for Recount of the Election of Uwchlan 4 Pursuant to the Election Code 25 P.S. §§ 3161, 3031.18(1), and 3263

Appeal of: Board of Elections of the County of Chester

:
:
:
:
:
:
:
:
:
:
:
:

No. 1397 C.D. 2021

In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 5 Petition of Margaret L. Quinn, Barbara L. Phillips, and Hugh N. O'Donnell for Recount of the Election of Uwchlan 5 Pursuant to the Election Code 25 P.S. §§ 3161, 3031.18(1), and 3263

Appeal of: Board of Elections of the County of Chester

:
:
:
:
:
:
:
:
:
:
:
:

No. 1398 C.D. 2021

In Re: Election in Region 4 for : 
Downingtown School Board Precinct :
Uwchlan 9 Petition of Susan R. Morgan, :
Brandyn C. Muller Campbell, and Diane :
W. O'Dwyer for Recount of the Election :
of Uwchlan 9 Pursuant to the Election :
Code 25 P.S. §§ 3161, 3031.1 8(1), :
and 3263 :
 :
Appeal of: Board of Elections of the :
County of Chester : No. 1399 C.D. 2021

In Re: Election in Region 4 for :
Downingtown School Board :
Precincts Uwchlan 1, 3, 4, 5, and 9 :
 :
Appeal of: Margie Miller : No. 1403 C.D. 2021


BEFORE: HONORABLE MARY HANNAH LEAVITT, Judge[1]
HONORABLE ANNE E. COVEY, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION STATING THE VIEW**
**OF SENIOR JUDGE LEADBETTER** **FILED: January 10, 2022**


That this case is difficult is confirmed by the fact that our panel was unable to reach a majority opinion on the entire case and thus our order reflects the results of differing majority conclusions with respect to two of the issues. This opinion sets out my views of the varying claims raised in these appeals.

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

1

Before us for disposition are five related and consolidated appeals and cross appeals emanating from a December 6, 2021, order of the Court of Common Pleas of Chester County. That court granted in part and denied in part Petitioners' request to recount and inspect six ballots in Chester County pertaining to the election in region 4 for Downingtown School Board Precincts Uwchlan 1, 3, 4, 5, and 9, filed pursuant to the Pennsylvania Election Code.[2] The disputed ballots include: (1) three mail-in ballots marked VS-1, VS-2, and VS-3; (2) two provisional ballots marked VS-4 and VS-5; and (3) one undated mail-in ballot marked VS-6.

Following a hearing and argument, the trial court determined that the recount request for the six disputed ballots was timely filed, essentially determining that Section 1407(a) of the Election Code, 25 P.S. § 3157(a), was inapplicable. In relevant part, that provision provides:

> Any person aggrieved by any order or decision of any county board regarding the computation or canvassing of the returns of any primary or election, or regarding any recount or recanvass thereof . . . may appeal therefrom within two days after such order or decision shall have been made, whether then reduced to writing or not, to the court specified in this subsection, setting forth why he feels that an injustice has been done, and praying for such order as will give him relief.

25 P.S. § 3157(a). In support, the trial court noted that there was no evidence presented that a dispute existed at any time during the computation of votes as to the validity of the disputed ballots, there was no evidence presented "regarding any

---

[2] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591. In October 2019, the General Assembly enacted Act 77 of 2019, which amended the Election Code and authorized "mail-in voting" for the first time in the Commonwealth. *See generally* Article XIII-D of the Election Code, added by the Act of October 31, 2019, P.L. 552, No. 77, 25 P.S. §§ 3150.11-3150.17.

'decision' by any county board with regard thereto[,]" and no witness appeared on behalf of the Board of Elections or any other county board to demonstrate that the request was untimely. (Trial Ct.'s Dec. 6, 2021 Op. at 2-3 n.1.)

As for the ballots, the trial court ordered:

(1) The request to inspect the six ballots is moot;

(2) The two provisional ballots marked VS-4 and VS-5 shall be counted;

(3) The three mail-in ballots marked VS-1, VS-2, and VS-3 shall not be counted; and

(4) The undated ballot marked as VS-6 shall be counted.

(*Id*. at 1.)

The pertinent background is as follows. Following the initial tabulation of the race for Downingtown School Director Region 4, candidate Rebecca Britton had 1,184 votes and candidate (and Intervenor here) Margie Miller had 1,186 votes. Subsequently, the trial court conducted a December 2, 2021 hearing and heard arguments on the recount request. At the hearing, the Board of Elections presented the testimony of Stephanie Saitis, the Assistant Director of Voter Services. She testified as to Chester County's process and procedures for tabulating votes and protecting the integrity of the election process. Following her testimony, the attorneys presented legal argument in support of their respective positions.

Ultimately, the trial court determined as follows with respect to the disputed ballots. With respect to the three mail-in ballots that were rejected during the initial canvassing of votes because the outer envelopes of two appeared to be cut open and resealed with tape, and the third had a mangled/torn outer envelope, the trial court determined that they should not be counted. In support, the trial court

3

cited the requirement in Section 1306-D(a) of the Election Code, 25 P.S. § 3150.16(a), that mail-in ballots be "securely sealed" and opined that the opened outside envelopes implicated concerns of fraud.

With respect to the two provisional ballots (VS-4 and VS-5) that were not placed in secrecy envelopes as required by Section 1210(a.4)(3) of the Election Code, 25 P.S. § 3050(a.4)(3), but, instead, were placed in the outer provisional ballot envelope after the elector voted in a privacy booth at the polling place and returned to the judge of elections, the trial court concluded that these ballots should be counted. In support, the trial court cited the testimony of Ms. Saitis that they did not raise concerns of tampering or fraud.

As for the undated ballot (VS-6) that was excluded from the computation, the trial court concluded that it should be counted. In support, the trial court cited the testimony of Ms. Saitis that it arrived at Voter Services on October 21, 2021, well in advance of Election Day. In addition, the trial court noted that it was dated upon receipt at Voter Services and contained no other irregularities.

For the reasons that follow, I would hold that the ballots marked VS-2 and VS-3 may be counted, so long as the envelopes contain secrecy envelopes that are sealed and undisturbed. However, I would not allow the ballots marked VS-1, VS-4, VS-5, and VS-6 to be counted.

With respect to the provisional ballots, the Election Code provides not only that after casting his or her ballot, the voter shall place it in a secrecy envelope and then into the provisional ballot envelope,[3] but specifically mandates that, "A provisional ballot *shall not be counted* if . . . a provisional ballot envelope does not contain a secrecy envelope . . . ." 25 P.S. § 3050(a.4)(5)(ii)(C) (emphasis added).

---

[3] 25 P.S. § 3050(a.4)(3).

4

While we agree with the trial court that voters should not be lightly disenfranchised where there is no real question raised that the ballot is the genuine vote of the elector, we simply are not free to disregard the explicit directive of the statute. Accordingly, all three judges agree that the ballots marked VS-4 and VS-5 may not be counted.

It is undisputed that the mail-in ballot marked VS-6 complied with all requirements except that the elector had not dated the outer envelope and that the ballot was received well in advance of Election Day. The validity of such a ballot was before our Supreme Court in *In re Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election*, 241 A.3d 1058 (Pa. 2020) (plurality). In that case the undated ballots were allowed to be counted. Justice Donohue's opinion announcing the judgment of the Court stated:

> Here we conclude that while failures to include a handwritten name, address or date in the voter declaration on the back of the outer envelope, while constituting technical violations of the Election Code, do not warrant the wholesale disenfranchisement of thousands of Pennsylvania voters.

*Id*. at 1079. Further:

> [O]nly failures to comply with mandatory obligations, which implicate both legislative intent and "weighty interests" in the election process, like ballot confidentiality or fraud prevention, will require disqualification. [citing *Pa. Democratic Party v. Boockar*, 238 A.3d 345, 379-80 (Pa. 2020).]
>
> . . . .
>
> [W]e hold that a signed but undated declaration is sufficient and does not implicate any weighty interest.
>
> . . . .

5

[W]e conclude that dating the declaration is a directory, rather than a mandatory, instruction, and thus the inadvertent failure to comply does not require that ballots lacking a date be excluded from counting.

*Id*. at 1076-78.

Nonetheless, the opinion was joined by only two other justices, while two additional justices joined Justice Dougherty in dissent, believing that the date requirement was mandatory. The judgment of the Court, then, hinged upon the concurring opinion of Justice Wecht, who opined:

[T]he Election Code should be interpreted with unstinting fidelity to its terms, and . . . election officials should disqualify ballots that do not comply with unambiguous statutory requirements, when determining noncompliance requires no exercise of subjective judgment by election officials. . . . [D]isqualification is appropriate "[s]o long as the Secretary and county boards of elections provide electors with adequate instructions for completing the declaration of the elector—including conspicuous warnings regarding the consequences for failing strictly to adhere" to those requirements.

*Id*. at 1089 (Wecht, J., concurring) [citing and quoting *Pa. Democratic Party*, 238 A.3d at 389 (emphasis omitted) (footnote omitted)].[4] However, because he felt that those circumstances were not present in the 2020 election, he opined:

[I]in future elections, I would treat the date and sign requirement as mandatory in both particulars, with the omission of either item sufficient without more to invalidate the ballot in question. However, under the

---

[4] In this regard, we note that the outer envelope of VS-6 in the present case stated: "YOUR BALLOT WILL NOT BE COUNTED UNLESS: you sign and date the voter's declaration in your own handwriting" and at the signature line it was noted: "Voter, sign or mark here (Required)." (Dec. 2, 2021 Hearing, Copy Ex. VS-6.) Further, Ms. Saitis testified that in 2021 for the current election, these instructions were printed in red ink. (*Id*., Notes of Testimony "N.T." at 52.)

6

circumstances in which the issue has arisen, I would apply my interpretation only prospectively.

*In re Canvass of Absentee and Mail-in Ballots of Nov. 3, 2020 Gen. Election*, 241 A.3d at 1079-80.

Accordingly, there is no binding precedent that controls our decision here. However, while I might prefer the result reached by the plurality opinion, I must conclude that the prevailing view of our Supreme Court is that of Justice Wecht, *i.e.*, that the requirement that the outer envelope be dated by the voter is mandatory and must be strictly enforced in elections held after that of 2020. *See also Ritter v. Lehigh Cnty. Bd. of Elections* (Pa. Cmwlth., No. 1322 C.D. 2021, filed January 3, 2022) (special election panel) (Majority relied on *In re Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election*, and held that mail-in ballots without a date must be set aside and not counted). Therefore, I would not allow the ballot marked VS-6 to be counted. Judge Leavitt concurs in this view.

With respect to ballots VS-1, VS-2, and VS-3, there is no allegation or evidence of fraud; rather the issue here is whether they must be rejected for failure to comply with the requirement that a mail-in ballot must be enclosed in an outer envelope that is "securely sealed" before mailing. 25 P.S. § 3150.16(a). The secrecy envelope must also be securely sealed and placed inside the outer envelope, but that provision is not in issue here. At the hearing, the trial court and all counsel were able to view the original envelopes marked VS-1, VS-2, and VS-3, but these were returned to Voter Services and photocopies were substituted in the original record. Unfortunately, these photocopies are of such poor quality that we can discern nothing from them concerning the envelopes' conditions, so the only record evidence is the descriptions in the testimony and the trial court's findings. With respect to VS-1, Ms. Saitis testified that "the outer envelope is fairly destroyed. It

7

is completely open." (Dec. 2, 2021 Hearing, Notes of Testimony "N.T." at 19.) The trial court similarly characterized it as "mangled and torn open." (Trial Ct.'s Op. at 5.) As to VS-2, Ms. Saitis stated that "the back of the envelope had been opened and then taped shut." (N.T. at 21.) She further testified that envelope VS-3 "had been sliced open at the top and then taped shut." *Id.* The trial court found both VS-2 and VS-3 "appear to have been cut open and resealed, in part, with tape." (Trial Ct.'s Op. at 5.) Ms. Saitis also testified that it was not uncommon to receive mail-in ballots where the outer envelope had been opened and resealed and that such ballots were accepted if there was a notation on the envelope, ostensibly from the voter, stating that he or she had opened and resealed it. (N.T. at 64-65.)

Unlike the other statutory provisions discussed above, I believe the legislative mandate at issue here to be ambiguous. The Election Code does not have any definition of the term "securely sealed." Obviously, VS-1, described as mangled and "completely open" was not sealed at all, and so our panel agrees that this ballot cannot be counted. However, VS-2 and VS-3 arrived at Voter Services with their taped closure intact. In addition, the statute does not prohibit voters from opening and re-sealing the outer envelope if they had, for instance, forgotten to seal the secrecy envelope or neglected to put the ballot in the secrecy envelope at all, let alone provide that such action will invalidate the ballot. Given the lack of clear statutory directive, I believe that, absent some evidence of tampering by a third party, this issue should weigh in favor of allowing the vote to be counted, particularly if the secrecy envelope remains undisturbed and unopened inside the resealed outer envelope. Thus, with that proviso, I would allow VS-2 and VS-3 to be counted. As neither Judge Covey nor Judge Leavitt agrees with this analysis, we will order those ballots to remain uncounted.

8

Aside from the ballots, which all parties agree is "the heart of the issue," two allegations of error remain. First, Petitioners argue that the trial court erred in failing to act on their request for a second full recount of Precinct 653. We disagree. First, the relevant provision, *inter alia*, provides: "Any *petition* to open a ballot box or recanvass . . . shall be *filed* no later than five days after the completion of the computational canvassing of all returns of the county by the county board." Section 1703(a)(1) of the Election Code, 25 P.S. § 3263(a)(1) (emphasis added). In this case, aside from any timeliness issues, there was no *petition* nor was any such request *filed*. Rather, counsel made an oral request during the hearing concerning the six ballots. Moreover, there had already been one hand recount of the precinct and no irregularity was alleged, but only that the recount had changed the results by a single vote. Our panel agrees that the trial court did not abuse its discretion in refusing to act on this oral request.

Finally, in her cross-appeal, Intervenor argues that the petition challenging ballots marked VS-1 through VS-6 was untimely pursuant to Section 1407(a) of the Election Code, 25 P.S. § 3157(a), providing in pertinent part that, "Any person aggrieved by any order or decision of any county board regarding the computation or canvassing of the returns of any primary or election may appeal therefrom within two days after such order or decision shall have been made . . . ."[5] On November 24, 2021, Petitioners filed their petition seeking permission to recount

---

[5] In Candidate Miller's preliminary objections and petition to quash the document entitled "Seeking Permission to Recount and Inspect Six Ballots by the Petitioners" and in her brief to this Court, Ms. Miller claims that Petitioners ignored the Election Code's additional deadlines for challenging provisional ballots found in 25 P.S. § 3050(a.4)(4) because they did not challenge the six ballots during the initial count when they were first disqualified, essentially making a claim of waiver. The trial court did not address 25 P.S. § 3050(a.4)(4) in its December 6, 2021 order and opinion. Given the fact that we have held the provisional ballots to be invalid, we will not address this statutory provision further.

9

and inspect the six ballots. This was the date on which the hand recount was completed, and it appears that Petitioners discovered issues with the six disqualified ballots at that time. Arguably, the Board's completion of the hand recount again implicated the rejection of the six ballots at issue such that the petition was timely. In addition, the trial court found that neither the Board nor Intervenor presented any evidence as to when the Board acted to disqualify the six ballots. While the relevant dates may not be reasonably subject to dispute, neither party asked the trial court to take judicial notice of any such date, nor did either make any particular argument to the trial court as to what event should be considered the triggering action of the Board. All parties proceeded to the merits of the validity of the six ballots without objection. The trial court concluded, "Therefore, being guided by the principle to construe the [Election Code] liberally to allow voting but strictly to prevent fraud, we will liberally construe the Election Code to allow this challenge to move forward." (Trial Ct.'s Op. at 3.) Here, also, we all agree there was no abuse of discretion.

For the reasons set forth here and in the opinions of my colleagues, we will order that none of the contested ballots may be counted.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Election in Region 4 for : \
Downingtown School Board Precinct : \
Uwchlan 1 Petition of Katherine R. : \
Carpenter, Andrea G. Cauble, and : \
Jessica M. Neff for a Recount of the : \
Election of Uwchlan 1 Pursuant to the : \
Election Code 25 P.S. 3261, 25 P.S. : \
3031.18(1) and 25 P.S. 3263 : \
: \
Appeal of: Katherine R. Carpenter, : \
Andrea G. Cauble, and Jessica M. Neff :   No. 1381 C.D. 2021

In Re: Election in Region 4 for : \
Downingtown School Board Precinct : \
Uwchlan 3 Petition of Carrie D. Gross, : \
Sanda Oyola, and Marsha : \
Brofka-Berends for a Recount of the : \
Election of Uwchlan 3 Pursuant to the : \
Election Code 25 P.S. 3261, 25 P.S. : \
3031.18(1) and 25 P.S. 3263 :   No. 1382 C.D. 2021 \
: \
Appeal of: Carrie D. Gross, Sandra : \
Oyola, and Marsha Brofka-Berends :

In Re: Election in Region 4 for : \
Downingtown School Board Precinct : \
Uwchlan 4 Petition of Marisa Norma : \
Pereyra, Katherine J. Farnum, and : \
Michael A. Farnum for a Recount of the : \
Election of Uwchlan 4 Pursuant to the : \
Election Code 25 P.S. 3261, : \
25 P.S. 3031.18(1) and 25 P.S. 3263 : \
: \
Appeal of: Marisa Norma Pereyra, : \
Katherine J. Farnum : \
and Michael A. Farnum :   No. 1383 C.D. 2021

In Re: Election in Region 4 for : 
Downingtown School Board Precinct :
Uwchlan 5 Petition of Margaret L. :
Quinn, Barbara L. Phillips, and Hugh N. :
O'Donnell for a Recount of the Election :
of Uwchlan 5 Pursuant to the Election :
Code 25 P.S. 3261, 25 P.S. 3031.18(1) :
and 25 P.S. 3263 :
 :
Appeal of: Margaret L. Quinn, :
Barbara L. Phillips, and :
Hugh N. O'Donnell : No. 1384 C.D. 2021

In Re: Election in Region 4 for :
Downingtown School Board Precinct :
Uwchlan 9 Petition of Susan R. Morgan, :
Brandyn C. Muller Campbell and :
Diane W. O'Dwyer for a Recount of the :
Election of Uwchlan 9 Pursuant to the :
Election Code 25 P.S. 3261, 25 P.S. :
3031.18(1) and 25 P.S. 3263 :
 :
Appeal of: Brandyn C. Muller Campbell :
and Diane W. O'Dwyer : No. 1385 C.D. 2021

In Re: Election in Region 4 for :
Downingtown School Board Precinct :
Uwchlan 1, Petitions of Katherine R. :
Carpenter, Andrea G. Cauble, and :
Jessica M. Neff for a recount Pursuant :
to the Election Code 25 P.S. §§ 3161, :
3031.18(1), and 3263 :
 :
Appeal of: Board of Elections of the :
County of Chester : No. 1395 C.D. 2021

In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 3 Petition of Carrie D. Gross, Sandra Oyola, and Marsha Brofka-Berends for Recount of the Election of Uwchlan 3 Pursuant to the Election Code 25 P.S. §§ 3161, 3031.18(1), and 3263

Appeal of: Board of Elections of the County of Chester

No. 1396 C.D. 2021

In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 4 Petition of Marisa Norma Pereyra, Katherine J. Farnum and Michael A. Farnum for Recount of the Election of Uwchlan 4 Pursuant to the Election Code 25 P.S. §§ 3161, 3031.18(1), and 3263

Appeal of: Board of Elections of the County of Chester

No. 1397 C.D. 2021

In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 5 Petition of Margaret L. Quinn, Barbara L. Phillips, and Hugh N. O'Donnell for Recount of the Election of Uwchlan 5 Pursuant to the Election Code 25 P.S. §§ 3161, 3031.18(1), and 3263

Appeal of: Board of Elections of the County of Chester

No. 1398 C.D. 2021

| | | |
|---|---|---|
| In Re: Election in Region 4 for | : | |
| Downingtown School Board Precinct | : | |
| Uwchlan 9 Petition of Susan R. Morgan, | : | |
| Brandyn C. Muller Campbell, and Diane | : | |
| W. O'Dwyer for Recount of the Election | : | |
| of Uwchlan 9 Pursuant to the Election | : | |
| Code 25 P.S. §§ 3161, 3031.1 8(1), | : | |
| and 3263 | : | |
| | : | |
| Appeal of: Board of Elections of the | : | |
| County of Chester | : | No. 1399 C.D. 2021 |
| | | |
| In Re: Election in Region 4 for | : | |
| Downingtown School Board | : | |
| Precincts Uwchlan 1, 3, 4, 5, and 9 | : | |
| | : | |
| Appeal of: Margie Miller | : | No. 1403 C.D. 2021 |

# **O R D E R**

PER CURIAM

AND NOW, this 10th day of January, 2022, the order of the Court of Common Pleas of Chester County is hereby AFFIRMED in part and REVERSED in part. The ballots at issue marked VS-1, VS-2, VS-3, VS-4, VS-5, and VS-6 may NOT be counted.

| | | |
|---|---|---|
| In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 1 Petition of Katherine R. Carpenter, Andrea G. Cauble, and Jessica M. Neff for a Recount of the Election of Uwchlan 1 Pursuant to the Election Code 25 P.S. 3261, 25 P.S. 3031.18(1) and 25 P.S. 3263 | : : : : : : : : : | |
| Appeal of: Katherine R. Carpenter, Andrea G. Cauble, and Jessica M. Neff | : : : : | No. 1381 C.D. 2021 |
| In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 3 Petition of Carrie D. Gross, Sandra Oyola, and Marsha Brofka-Berends for a Recount of the Election of Uwchlan 3 Pursuant to the Election Code 25 P.S. 3261, 25 P.S. 3031.18(1) and 25 P.S. 3263 | : : : : : : : : : : | |
| Appeal of: Carrie D. Gross, Sandra Oyola, and Marsha Brofka-Berends | : : : : | No. 1382 C.D. 2021 |
| In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 4 Petition of Marisa Norma Pereyra, Katherine J. Farnum, and Michael A. Farnum for a Recount of the Election of Uwchlan 4 Pursuant to the Election Code 25 P.S. 3261, 25 P.S. 3031.18(1) and 25 P.S. 3263 | : : : : : : : : : | |
| Appeal of: Marisa Norma Pereyra, Katherine J. Farnum and Michael A. Farnum | : : : | No. 1383 C.D. 2021 |

In Re: Election in Region 4 for     :
Downingtown School Board Precinct     :
Uwchlan 5 Petition of Margaret L.     :
Quinn, Barbara L. Phillips, and Hugh N.     :
O'Donnell for a Recount of the Election     :
of Uwchlan 5 Pursuant to the Election     :
Code 25 P.S. 3261, 25 P.S. 3031.18(1)     :
and 25 P.S. 3263     :
    :
Appeal of: Margaret L. Quinn,     :
Barbara L. Phillips, and     :
Hugh N. O'Donnell     :     No. 1384 C.D. 2021
    :
    :
In Re: Election in Region 4 for     :
Downingtown School Board Precinct     :
Uwchlan 9 Petition of Susan R. Morgan,     :
Brandyn C. Muller Campbell and     :
Diane W. O'Dwyer for a Recount of the     :
Election of Uwchlan 9 Pursuant to the     :
Election Code 25 P.S. 3261, 25 P.S.     :
3031.18(1) and 25 P.S. 3263     :
    :
Appeal of: Brandyn C. Muller Campbell     :
and Diane W. O'Dwyer     :     No. 1385 C.D. 2021
    :
    :
In Re: Election in Region 4 for     :
Downingtown School Board Precinct     :
Uwchlan 1, Petitions of Katherine R.     :
Carpenter, Andrea G. Cauble, and     :
Jessica M. Neff for a recount Pursuant     :
to the Election Code 25 P.S. §§ 3161,     :
3031.18(1), and 3263     :
    :
Appeal of: Board of Elections of the     :
County of Chester     :     No. 1395 C.D. 2021
    :
    :
In Re: Election in Region 4 for     :
Downingtown School Board Precinct     :

2

Uwchlan 3 Petition of Carrie D. Gross,   :
Sandra Oyola, and Marsha Brofka-   :
Berends for Recount of the Election of   :
Uwchlan 3 Pursuant to the Election   :
Code 25 P.S. §§ 3161, 3031.18(1),   :
and 3263   :
  :
Appeal of: Board of Elections of the   :
County of Chester   :       No. 1396 C.D. 2021
  :
  :
In Re: Election in Region 4 for   :
Downingtown School Board Precinct   :
Uwchlan 4 Petition of Marisa Norma   :
Pereyra, Katherine J. Farnum and   :
Michael A. Farnum for Recount of the   :
Election of Uwchlan 4 Pursuant to the   :
Election Code 25 P.S. §§ 3161,   :
3031.18(1), and 3263   :
  :
Appeal of: Board of Elections of the   :
County of Chester   :       No. 1397 C.D. 2021
  :
  :
In Re: Election in Region 4 for   :
Downingtown School Board Precinct   :
Uwchlan 5 Petition of Margaret L.   :
Quinn, Barbara L. Phillips, and Hugh N.   :
O'Donnell for Recount of the Election   :
of Uwchlan 5 Pursuant to the Election   :
Code 25 P.S. §§ 3161, 3031.18(1),   :
and 3263   :
  :
Appeal of: Board of Elections of the   :
County of Chester   :       No. 1398 C.D. 2021
  :
  :
In Re: Election in Region 4 for   :
Downingtown School Board Precinct   :
Uwchlan 9 Petition of Susan R. Morgan,   :
Brandyn C. Muller Campbell, and Diane   :
W. O'Dwyer for Recount of the Election   :

3

of Uwchlan 9 Pursuant to the Election  :
Code 25 P.S. §§ 3161, 303 l.1 8(1),  :
and 3263  :
  :
Appeal of: Board of Elections of the  :
County of Chester  :  No. 1399 C.D. 2021
  :
  :
In Re: Election in Region 4 for  :
Downingtown School Board  :
Precincts Uwchlan 1, 3, 4, 5, and 9  :
  :  No. 1403 C.D. 2021
Appeal of: Margie Miller  :  Submitted: December 21, 2021


BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge[1]
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION STATING THE VIEW
OF JUDGE COVEY                            FILED: January 10, 2022


Katherine R. Carpenter, Andrea G. Cauble, Jessica M. Neff, Carrie D. Gross, Sandra Oyola, Marsha Brofka-Berends, Marisa Norma Pereyra, Katherine J. Farnum, Michael A. Farnum, Margaret L. Quinn, Barbara L. Phillips, Hugh N. O'Donnell, Brandyn C. Muller Campbell, and Diane W. O'Dwyer (collectively, Appellants),[2] the Board of Elections of the County of Chester (Chester Board of Elections), and Margie Miller (Miller)[3] (collectively, Cross-Appellants) appeal from the Chester County Common Pleas Court's (trial court) December 6, 2021 order granting in part and denying in part Appellants' request that the Chester Board of

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita Leavitt became a senior judge on the Court.

[2] Appellants are registered voters in the five precincts that make up Downingtown School Board Region 4.

[3] Miller is the Republican Candidate for Downingtown School Board Director.

4

Elections recount and inspect six ballots (Petition). Appellants and Cross-Appellants present six issues for this Court's review: (1) whether the trial court properly determined that the mail-in ballots marked VS-1, VS-2, and VS-3 shall not be counted; (2) whether the trial court properly determined that the undated mail-in ballot marked VS-6 shall be counted; (3) whether the trial court properly determined that the provisional ballots marked VS-4 and VS-5 shall be counted; (4) whether the trial court properly denied the Republican Party's (Intervenor) motion to dismiss based on timeliness; and (6) whether the trial court properly denied Appellants' oral request for a second recount of Precinct 653. After review, this Court affirms in part and reverses in part.

On November 2, 2021, the Chester Board of Elections held a General Municipal Election for Downingtown Region 4 School Board Director. The pre-canvass of mail-in and absentee ballots began on November 2, 2021, and continued through November 3, 2021. The election results were posted on the Chester County website on the evening of November 15, 2021. At that time, the initial tabulation of the Downingtown School Board Director Region 4 race reflected that candidate Rebecca Britton (Britton) had 1,184 votes and Miller had 1,186 votes.

On November 18, 2021, Appellants filed petitions seeking a recount of all of the precincts in which votes were cast for the Downingtown School Board Director Region 4 race. On November 22, 2021, Appellants and the Chester County Department of Voter Services (Voter Services) entered into a stipulation, wherein the parties agreed to a recount, by hand, of all ballots included in the tabulation and computation of the November 2, 2021 General Municipal Election in Chester County, which was concluded on November 15, 2021, for the Uwchlan Precinct 1, Region 4 Downingtown School Board Director Race (Stipulation). The parties further agreed that each ballot would be examined and tabulated by hand. The trial court reduced the Stipulation to an order which directed the recount to take place on

November 23, 2021. The recount began on November 23, 2021, and concluded on November 24, 2021. At the conclusion of the hand recount, Britton had 1,183 votes and Miller had 1,187 votes. Although the number of votes tabulated did not change, Britton lost one vote and Miller gained one vote.

On November 24, 2021, Appellants filed the Petition seeking to recount and inspect six ballots. The six ballots at issue were not counted in either the original computation of the November 2, 2021 General Municipal Election, or in the November 23-24, 2021 hand recount. On December 6, 2021, the trial court granted the Petition in part and denied it in part, as follows:

> 1. [Appellants'] request to inspect six (6) ballots is MOOT;
>
> 2. The two (2) provisional ballots marked VS-4 and VS-5 shall be counted;
>
> 3. The three (3) mail-in ballots marked VS-1, VS-2 and VS-3 shall not be counted; and
>
> 4. The undated ballot marked as VS-6 shall be counted.

Trial Ct. Order at 1. Appellants and Cross-Appellants appealed to this Court.

Appellants first argue that the trial court erred by holding that the mail-in ballots marked VS-1, VS-2, and VS-3 shall not be counted. I disagree.

Section 1306-D(a) of the Election Code[4] provides:

> At any time after receiving an official mail-in ballot, but on or before eight o'clock P.M. the day of the primary or election, the mail-in elector shall, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed "Official Election Ballot." This envelope shall then be placed in the second one, on which is printed

---

[4] Act of June 3, 1937, P.L. 1333, added by Section 8 of the Act of Oct. 31, 2019, P.L. 552, *as amended*, 25 P.S. § 3150.16(a).

6

the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector. The elector shall then fill out, date and sign the declaration printed on such envelope. **Such envelope shall then be securely sealed and the elector shall send same by mail**, postage prepaid, except where franked, or deliver it in person **to said county board of election**.

25 P.S. § 3150.16(a) (emphasis added).

The Pennsylvania Supreme Court in *In re Canvass of Absentee and Mail-in Ballots of November 3, 2020 General Election*, 241 A.3d 1058 (Pa. 2020), *cert. denied sub nom. Donald J. Trump for President, Inc. v. Degraffinreid*, ___ U.S. ___, 141 S.Ct. 1451, 209 L.Ed.2d 172 (2021), explained:

> We . . . recogniz[e] . . . that it is the "longstanding and overriding policy in this Commonwealth to protect the elective franchise." *Shambach v. Bickhart*, . . . 845 A.2d 793, 798 ([Pa.] 2004). "The Election Code must be liberally construed so as not to deprive . . . the voters of their right to elect a candidate of their choice." *Ross Nomination Petition*, . . . 190 A.2d 719, 719 ([Pa.] 1963). It is therefore a well-settled principle of Pennsylvania election law that "[e]very rationalization within the realm of common sense should aim at saving the ballot rather than voiding it." *Appeal of Norwood*, . . . 116 A.2d 552, 554-55 ([Pa.] 1955). **It is likewise settled that imbedded in the Election Code is the General Assembly's intent to protect voter privacy in her candidate choice based on Article VII, Section 4 of the Pennsylvania Constitution and <u>to prevent fraud and to otherwise ensure the integrity of the voting process</u>.**

*In re Canvass*, 241 A.3d at 1071 (bold and underline emphasis added).

> Here, the trial court opined:

> [T]he opened mail-in ballots implicate concerns of fraud that should not be overlooked. In the case of torn and sliced-opened ballots, two of which were then taped without explanation, **there simply can be no assurance as to the integrity of the voting process**. The Election

7

Code requires strict adherence to the requirement that a ballot be securely sealed. It does so, ostensibly to provide assurances that the inner ballot has not been tampered with and there is no fraud.

As directed in *Shambach* . . . , election laws must be <u>strictly</u> construed to prevent fraud. Here with no explanation as to why the ballots were open; why they were then resealed; by whom they were opened; by whom they were resealed; when they were opened; when they were resealed; whether votes were altered or changed in that process, we must recognize a concern that fraud exists. As directed, we will look to the Election Code which states[:] "Such envelope shall then be <u>securely-sealed</u> and the elector shall send same by mail." 25 P.S. § 3150.16(a) [(emphasis added)]. These three ballots were not securely sealed. The [Chester] Board of Elections thus acted reasonably and in accordance with the law in excluding these ballots due to possible issues with the security of the ballot.

Trial Ct. Order at 6 n.3 (bold emphasis added). Because I discerns no error in the trial court's analysis regarding the mail-in ballots marked VS-1, VS-2, and VS-3, I would affirm this portion of the trial court's order.

Appellants next argue that the trial court properly held that the undated mail-in ballot marked VS-6 shall be counted. I agree.

As quoted above, Section 1306-D(a) of the Election Code requires, *inter alia*, that when using a mail-in ballot: "The elector shall [] fill out, date and sign the declaration printed on such envelope." 25 P.S. § 3150.16(a). In *In re Canvass*, our Supreme Court permitted undated ballots to be counted, declaring:

[The petitioners] argue that the requirement to state the date on which [the] declaration was signed is a mandatory obligation requiring disenfranchisement for lack of compliance. We disagree, as we conclude that dating the declaration is a directory, rather than a mandatory[] instruction, and thus the inadvertent failure to comply does not require that ballots lacking a date be excluded from counting. As reviewed hereinabove, in our recent decision in *Pa. Democratic Party* [*v. Boockvar*, 238 A.3d 345, 356

8

(Pa.2020),] we reiterated that the distinction between directory and mandatory instructions applies with respect to a voter's obligations under the Election Code, and that only failures to comply with mandatory obligations, which implicate both legislative intent and "weighty interests" in the election process, like ballot confidentiality or fraud prevention, will require disqualification. *Pa. Democratic Party*, 238 A.3d at 379-80. The Commonwealth Court and [the petitioner] relied upon the Election Code's use of the [] "**shall** . . . date" language in construing the date obligation as mandatory. *In Re: 2,349 Ballots in the 2020 Gen*[.] *Election, Appeal of: Nicole Ziccarelli*, 241 A.3d 694 . . . (Pa. [Cmwlth.]. 2020). Although unlike the handwritten name and address, which are not mentioned in the statute, the inclusion of the word "date" in the statute does not change the analysis because the word "shall" is not determinative as to whether the obligation is mandatory or directive in nature. That distinction turns on whether the obligation carries "weighty interests." *The date that the declaration is signed is irrelevant to a board of elections' comparison of the voter declaration to the applicable voter list, and a board can reasonably determine that a voter's declaration is sufficient even without the date of signature.* Every one of the 8,329 ballots challenged in Philadelphia County, as well as all of the 2,349 ballots at issue in Allegheny County, were received by the boards of elections by 8:00 p.m. on Election Day, so there is no danger that any of these ballots was untimely or fraudulently back-dated. Moreover, *in all cases, the receipt date of the ballots is verifiable, as upon receipt of the ballot, the county board stamps the date of receipt on the ballot-return and records the date the ballot is received in the* [Statewide Uniform Registry of Electors (]*SURE*[)] *system. The date stamp and the SURE system provide a clear and objective indicator of timeliness, making any handwritten date unnecessary and, indeed, superfl*[*u*]*ous.*

*In re Canvass*, 241 A.3d at 1076-78 (italic emphasis added); *see also Ritter v. Lehigh Cnty. Bd. of Elections* (Pa. Cmwlth. No. 1322 C.D. 2021, filed Jan. 3, 2022) (special election panel) (Wojcik, J., dissenting) (*Ritter* dissent).

9

The *Ritter* dissent concluded that the 261 undated ballots therein should be counted, stating:

> There is no dispute that the voters who cast the questioned 261 ballots were qualified, registered electors. Moreover, there is no allegation that any of the 261 voters in question had voted more than once. Importantly, there is no allegation that the subject 261 ballots were not received by the [b]oard prior to the deadline for receipt on Municipal Election Day. In fact, it is beyond dispute that each challenged ballot was received by the [b]oard by 8:00 p.m. on Municipal Election Day. The only sin that would lead these votes to be discarded is that the qualified, registered voters failed to either enter a date, or properly enter a date, on the declaration portion of the ballot's outer envelope. I would agree that an entirely blank declaration properly would be discarded, as there would be no confirmation that the ballot is genuinely that of the registered elector. This result would ameliorate purported voter fraud, which is not at issue here.
>
> I view the requirement of a voter-inserted date on the declaration as similar to the issue of the color of ink that is used to fill in the ballot. As outlined above, Section 1306-D(a) of the Election Code plainly states that the voter "***shall***, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen." 25 P.S. §3150.16(a) (emphasis added). Our Supreme Court approved the marking of absentee ballots with green or red pen to be appropriate despite the General Assembly's use of the word "shall" when describing the method of marking the ballots. *See In re Luzerne C[nty.] Return B[d.]*, 290 A.2d 108, 109 (Pa. 1972). There, our Supreme Court construed the Election Code liberally so as to not disenfranchise Pennsylvania voters over a technicality. In light of the foregoing criteria, I would do so here as well, and I would not blithely disenfranchise those 261 voters who merely neglected to properly enter a date on the declaration of an otherwise properly executed and timely-submitted ballot.

*Ritter* dissent, slip op. at 4-5.

10

Here, the trial court determined that the undated ballot marked VS-6 shall be counted, explaining:

> [Assistant Director of Voter Services Stephanie] Saitis testified at the hearing that the undated ballot at issue: 1. [A]rrived at Voter Services on October 21, 2021, well in advance of election[;] and 2. Contained no other irregularities that would preclude it from being counted. Unlike the provisional, and mail-in ballots, this "failure" does not implicate the weighty interests that might otherwise nullify the voter's actions. If we are to liberally construe the Election Code to allow votes, but strictly construe in cases of possible fraud, this irregularity should not result in the vote being stricken.
>
> We must assume the "date" requirement is to ensure that the ballot is completed and received by the deadline of election day. The Legislature and the electorate clearly have an interest in making sure that no "late votes" are affecting the computation. Here, the ballot while not dated by the elector was dated upon receipt at Voter[] Services. We know this ballot, conforming in all other aspects, arrived on October 21, 2021. It is a timely, conforming ballot. It should be counted.

Trial Ct. Order at 6 n.4.

Because I agree with the *In re Canvass* plurality, the *Ritter* dissent, and the trial court's order that the undated mail-in ballot marked VS-6 should be counted, I would affirm this portion of the trial court's order.

Relative to the remaining issues, I agree with the Honorable Judge Leadbetter's View in ruling that: the trial court erred by determining that the provisional ballots marked VS-4 and VS-5 shall be counted; the trial court properly denied Intervenor's motion to dismiss; and the trial court properly denied Appellants' oral request for a second recount of Precinct 653, and affirms and reverses those portions of the trial court's order accordingly.

11

## Conclusion

For all of the above reasons, I would affirm the portions of the trial court's order holding: the mail-in ballots marked VS-1, VS-2, and VS-3 shall not be counted; the undated mail-in ballot marked as VS-6 shall be counted; denying the Intervenor's motion to dismiss; and denying Appellants' oral request for a second recount of Precinct 653.

 

 

_____
ANNE E. COVEY, Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Election in Region 4 for
Downingtown School Board Precinct
Uwchlan 1 Petition of Katherine R.
Carpenter, Andrea G. Cauble, and
Jessica M. Neff for a Recount of the
Election of Uwchlan 1 Pursuant to the
Election Code 25 P.S. 3261, 25 P.S.
3031.18(1) and 25 P.S. 3263

Appeal of: Katherine R. Carpenter,
Andrea G. Cauble, and Jessica M. Neff    :    No. 1381 C.D. 2021


In Re: Election in Region 4 for
Downingtown School Board Precinct
Uwchlan 3 Petition of Carrie D. Gross,
Sandra Oyola, and Marsha
Brofka-Berends for a Recount of the
Election of Uwchlan 3 Pursuant to the
Election Code 25 P.S. 3261, 25 P.S.
3031.18(1) and 25 P.S. 3263

Appeal of: Carrie D. Gross, Sandra
Oyola, and Marsha Brofka-Berends    :    No. 1382 C.D. 2021


In Re: Election in Region 4 for
Downingtown School Board Precinct
Uwchlan 4 Petition of Marisa Norma
Pereyra, Katherine J. Farnum, and
Michael A. Farnum for a Recount of the
Election of Uwchlan 4 Pursuant to the
Election Code 25 P.S. 3261,
25 P.S. 3031.18(1) and 25 P.S. 3263

Appeal of: Marisa Norma Pereyra,
Katherine J. Farnum
and Michael A. Farnum    :    No. 1383 C.D. 2021

In Re: Election in Region 4 for : 
Downingtown School Board Precinct : 
Uwchlan 5 Petition of Margaret L. : 
Quinn, Barbara L. Phillips, and Hugh N. : 
O'Donnell for a Recount of the Election : 
of Uwchlan 5 Pursuant to the Election : 
Code 25 P.S. 3261, 25 P.S. 3031.18(1) : 
and 25 P.S. 3263 : 
: 
Appeal of: Margaret L. Quinn, : 
Barbara L. Phillips, and : 
Hugh N. O'Donnell :      No. 1384 C.D. 2021 
: 
: 
In Re: Election in Region 4 for : 
Downingtown School Board Precinct : 
Uwchlan 9 Petition of Susan R. Morgan, : 
Brandyn C. Muller Campbell and : 
Diane W. O'Dwyer for a Recount of the : 
Election of Uwchlan 9 Pursuant to the : 
Election Code 25 P.S. 3261, 25 P.S. : 
3031.18(1) and 25 P.S. 3263 : 
: 
Appeal of: Brandyn C. Muller Campbell : 
and Diane W. O'Dwyer :      No. 1385 C.D. 2021 
: 
: 
In Re: Election in Region 4 for : 
Downingtown School Board Precinct : 
Uwchlan 1, Petitions of Katherine R. : 
Carpenter, Andrea G. Cauble, and : 
Jessica M. Neff for a recount Pursuant : 
to the Election Code 25 P.S. §§ 3161, : 
3031.18(1), and 3263 : 
: 
Appeal of: Board of Elections of the : 
County of Chester :      No. 1395 C.D. 2021 
: 
: 
In Re: Election in Region 4 for : 
Downingtown School Board Precinct : 
Uwchlan 3 Petition of Carrie D. Gross, :

Sandra Oyola, and Marsha Brofka-Berends for Recount of the Election of Uwchlan 3 Pursuant to the Election Code 25 P.S. §§ 3161, 3031.18(1), and 3263

Appeal of: Board of Elections of the County of Chester

:
:
:
:
:
:
:
:
:
:
:
:
:

No. 1396 C.D. 2021

In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 4 Petition of Marisa Norma Pereyra, Katherine J. Farnum and Michael A. Farnum for Recount of the Election of Uwchlan 4 Pursuant to the Election Code 25 P.S. §§ 3161, 3031.18(1), and 3263

Appeal of: Board of Elections of the County of Chester

:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 1397 C.D. 2021

In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 5 Petition of Margaret L. Quinn, Barbara L. Phillips, and Hugh N. O'Donnell for Recount of the Election of Uwchlan 5 Pursuant to the Election Code 25 P.S. §§ 3161, 3031.18(1), and 3263

Appeal of: Board of Elections of the County of Chester

:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 1398 C.D. 2021

In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 9 Petition of Susan R. Morgan, Brandyn C. Muller Campbell, and Diane W. O'Dwyer for Recount of the Election of Uwchlan 9 Pursuant to the Election

:
:
:
:
:
:

Code 25 P.S. §§ 3161, 303 l.1 8(1),      :
and 3263                                 :
                                         :
Appeal of: Board of Elections of the     :
County of Chester                        :      No. 1399 C.D. 2021
                                         :
                                         :
In Re: Election in Region 4 for          :
Downingtown School Board                 :
Precincts Uwchlan 1, 3, 4, 5, and 9      :
                                         :      No. 1403 C.D. 2021
Appeal of: Margie Miller                 :      Submitted:  December 21, 2021


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge[1]
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION STATING THE VIEW
OF JUDGE LEAVITT                          FILED: January 10, 2022


              I agree with Senior Judge Leadbetter that the provisional ballots marked
VS-4 and VS-5 may not be counted.  I also concur with her conclusion that the mail-
in ballot marked VS-6 may not be counted.  With respect to the mail-in ballots
marked VS-1, VS-2 and VS-3, I agree with Senior Judge Leadbetter that VS-1
cannot be counted.  I disagree with her view that VS-2 and VS-3 may be counted
absent some evidence of tampering by a third party.  I would affirm the trial court's
decision not to count VS-2 and VS-3.

              More specifically, I disagree with the conclusion of Senior Judge
Leadbetter that the Election Code is ambiguous because it does not define "securely

---

[1] This matter was assigned to the panel before January 3, 2022, when President Judge Emerita
Leavitt became a senior judge on the Court.

sealed." *In Re: Election in Region 4 for Downingtown School Board Precinct Uwchlan 1* (Pa. Cmwlth., No. 1381 C.D. 2021, filed January 10, 2022), Memorandum Opinion Stating the View of Senior Judge Leadbetter at 8. "'When statutory words or phrases are undefined by the statute, the Court construes the words according to their plain meaning and common usage.' A statute must be given its plain and obvious meaning." *Harmer v. Pennsylvania Board of Probation and Parole*, 83 A.3d 293, 299 (Pa. Cmwlth. 2014) (quoting *Osprey Portfolio LLC v. Izett*, 67 A.3d 749, 755 (Pa. 2013)). It is not difficult to give a plain and ordinary meaning to "securely sealed" as used in Section 1306-D(a) of the Pennsylvania Election Code, 25 P.S. §3150.16(a).[2]

Secure sealing is done by the elector. The requirement was imposed to prevent tampering. Here, there is evidence of tampering because the outer envelope was opened and resealed. The vote should be discarded. It is of no moment that the inner envelope shows no sign of tampering; it could be a ballot other than the one placed into the outer envelope by the voter.

---

[2] Act of June 3, 1937, P.L. 1333, added by the act of October 31, 2019, P.L. 552, *as amended*, 25 P.S. §3150.16(a). It states:

> (a) General rule.--At any time after receiving an official mail-in ballot, but on or before eight o'clock P.M. the day of the primary or election, the mail-in elector shall, in secret, proceed to mark the ballot only in black lead pencil, indelible pencil or blue, black or blue-black ink, in fountain pen or ball point pen, and then fold the ballot, enclose and securely seal the same in the envelope on which is printed, stamped or endorsed "Official Election Ballot." This envelope shall then be placed in the second one, on which is printed the form of declaration of the elector, and the address of the elector's county board of election and the local election district of the elector. The elector shall then fill out, date and sign the declaration printed on such envelope. Such envelope shall then be *securely sealed* and the elector shall send same by mail, postage prepaid, except where franked, or deliver it in person to said county board of election.

*Id*. (emphasis added).

Further, the requirement of secure sealing applies with equal force to both envelopes.  There is no basis to allow resealing of the outer envelope but not the inner envelope.

I agree with the trial court's decision that because VS-2 and VS-3 were not securely sealed, they must be discarded.  This is necessary to protect the integrity of the voting process, as reasoned by the trial court and by Judge Covey.


_____
MARY HANNAH LEAVITT, President Judge Emerita

3